OPINION
{¶ 1} The state of Ohio appeals a decision of the Mason Municipal Court granting James T. Hooghe's motion to suppress evidence obtained as a result of an investigatory stop of Hooghe's car.[1]
 {¶ 2} Deputy Scott Staveman was on patrol on October 17, 2004 when he received a dispatch regarding a fight in progress at a local bar. The dispatch was based upon a call from someone at the bar. While en route to the bar, the officer received another dispatch indicating that two white men involved in the fight had left the bar in a green Ford Explorer. Again, that dispatch was based upon a call from someone at the bar. The caller also reported the license plate number of the car. As the officer was headed northbound on Mason Montgomery Road to the bar, he observed a green Ford Explorer headed southbound on Mason Montgomery Road which matched the description given by the caller. The officer turned around, and upon confirming that the vehicle's license plate number matched the number given by the caller, proceeded to stop the car, which was driven by Hooghe. As a result of the investigation that followed the stop, Hooghe was charged with driving under the influence and failure to register/expired license plate. On March 3, 2005, following a hearing, the trial court granted Hooghe's motion to suppress.
 {¶ 3} On appeal, the state argues that the trial court erred by granting Hooghe's motion to suppress because the officer had reasonable and articulable suspicion to stop Hooghe's car. The assignment of error is sustained. The officer was dispatched to the scene of a fight that was occurring at the time of or shortly prior to the call. Based upon the second dispatch, the officer had a duty to investigate further to determine if the occupants of the Explorer were possible victims, witnesses, or perpetrators in the described altercation and assault. The dispatch indicated that the caller's knowledge of the event was not on a casual basis, but that the caller had a sufficient opportunity to view the vehicle and obtain a license plate number. Further, most of the details provided in the calls were corroborated by the officer's independent observations before Hooghe was stopped. We therefore find the officer had a reasonable basis to stop Hooghe's vehicle and investigate further based upon the dispatches. See Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868; Maumee v. Weisner, 87 Ohio St.3d 295, 1999-Ohio-68; Statev. Mixner, Warren App. No. CA2001-07-074, 2002-Ohio-180; and State v.Leonhardt (Sept. 25, 1996), Hamilton App. Nos. C-950193, C-950259, C-950194, and C-950258.
 {¶ 4} Judgment reversed and cause remanded to the trial court for further proceedings according to law and consistent with this opinion.
Powell, P.J., and Walsh, J., concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte assigned this appeal to the accelerated calendar.